**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

        **Plaintiff,**

        v.

[1] GREGORIO SÁNCHEZ-CHALA,

        **Defendant.**

**CRIM. NO. 22-234-1 (RAM)**

<u>MEMORANDUM AND ORDER</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

    Pending before the Court is Defendant Gregorio Sánchez-Chala's ("Sánchez-Chala" or "Defendant") *Informative Motion Regarding Late Disclosure of DEA Reports of Investigation Provided as Jencks Material* ("*Motion*") whereby Defendant seeks the dismissal of the case for lack of subject matter jurisdiction and prosecutorial misconduct. (Docket No. 196). For the reasons outlined below, the Court hereby **DENIES** Defendant's *Motion* and request for dismissal.

**I.    BACKGROUND**

    This case arises out of an at-sea interdiction by the Puerto Rico Police Bureau ("PRPB") United Forces for Rapid Action ("FURA" for its Spanish acronym) with Defendant's vessel La Zulyi on May 11, 2022. (Docket No. 1-1). FURA agents noted that the vessel was navigating from international waters into Puerto Rico territorial waters and stopped the vessel to conduct an inspection of the

vessel's documents. Id. at 3. Sánchez-Chala was one of three occupants aboard the vessel at the time of the interdiction. Id. at 2-3. After several procedural incidents, the vessel was scanned and searched, revealing a hidden compartment containing approximately 311.8 kilograms of packages testing presumptively positive for cocaine. Id. at 3.

In the pending *Motion*, Defendant asserts that on September 30, 2025, in anticipation of the Change of Plea hearing scheduled for October 2, 2025, the Government produced two heavily redacted DEA Reports of Investigation ("ROIs") as Jencks material. Id. ¶ 1, 9. Both ROIs (one dated 2023 and the other 2024) are interviews of cooperators describing a May 10, 2022 drug smuggling venture whereby the cooperators planned to transport kilos of narcotics from the Dominican Republic and conduct an at sea transfer of the drugs with a Puerto Rican vessel. (Docket Nos. 198-1 and 198-2). Defendant argues that the ROIs show that the drug transfer took place at the island of Desecheo, contradicting the testimony provided by Agent Angel Crespo-Dones ("Agent Crespo") at the Suppression Hearing. (Docket No. 196 ¶ 22). Moreover, Defendant asserts that the ROIs should have been produced to defense counsel as exculpatory evidence under Brady v. Maryland, 373 US 83 (1963). Id. ¶ 32. Accordingly, Defendant asks that the Court dismiss the case for lack of subject matter jurisdiction and prosecutorial misconduct.

The Government filed a *Response* opposing Defendant's request and provided unredacted versions of the ROIs. (Docket Nos. 210 and 212). The Government asserts that the ROIs were produced to notify their intention to seek a sentencing enhancement due to Defendant's leadership role. Id. at 3. Moreover, the Government posits that the ROIs do not constitute Brady evidence as the statements therein are not exculpatory nor favorable as to Defendant's innocence, rather they support a finding of guilt. Id. at 2-3. The Government also contends that Defendant erroneously conflates the lawfulness of FURA's initial interdiction with the existence of federal jurisdiction. Id. at 11. In contrast, the Government maintains that subject matter jurisdiction exists because the superseding indictment charges Sánchez-Chala with violating the Controlled Substances Act and the Maritime Drug Law Enforcement Act ("MDLEA"). Id.

## II.  DISCUSSION

A key issue at the Suppression Hearing was the legality of the initial intervention with the vessel. (Docket No. 94). Sánchez-Challa asserted that the vessel was traveling within United States territorial waters, specifically fishing around the island of Desecheo. (Docket No. 111 at 2, 8). However, if the vessel crossed borders by traveling from international waters into territorial waters, as alleged by the Government and supported with Agent Crespo's testimony, FURA agents acting as customs officers could

conduct a routine search without the requirement of probable cause pursuant to the border search exception. (Docket No. 159 at 7).

Having conducted a review of the unredacted ROIs, the Court finds that they do not contradict the testimony provided at the suppression hearing and thus do not impact the Court's finding that FURA had jurisdiction to conduct the initial stop. In its relevant parts, the content of the ROI dated 2023 (the "2023 ROI"), provides that: (1) on May 10, 2022, a vessel departed from the Dominican Republic towards Desecheo Island in Puerto Rico; (2) a Puerto Rican vessel arrived at the coordinates and the vessels conducted a drug load sea transfer; and (3) the cooperator was subsequently informed that the Puerto Rico drug-laden vessel was interdicted while returning from Desecheo Island. (Docket Nos. 198-2 at 9-10 and 212-1 at 9-10). It does not state where the vessel was traveling, or seen traveling from, at the time it was stopped by FURA agents.

On the other hand, the ROI dated 2024 (the "2024 ROI") contains no specific mention of Desecheo Island or where the Puerto Rico vessel was traveling from when it was stopped. (Docket Nos. 198-1 and 212-2). The 2024 ROI does outline the drug smuggling venture whereby a vessel from the Dominican Republic would conduct an at sea transfer with another vessel that would deliver the drugs to its destination in Puerto Rico. (Docket Nos. 198-1 at 4 and 212-2 at 4). It similarly reflects that a few days after the at-

sea transfer, the cooperator was informed that the receiving vessel had been seized by law enforcement in Puerto Rico. (Docket Nos. 198-1 at 5 and 212-2 at 5).

"A Brady error occurs when the prosecution suppresses 'material' evidence that is favorable to the accused...In most circumstances, exculpatory evidence is material only 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different,'" Gilday v. Callahan, 59 F.3d 257, 267 (1st Cir. 1995) (quoting Kyles v. Whitley, 514 U.S. 419, 433, (1995); United States v. Bagley, 473 U.S. 667, 682 (1985)).

In the case at bar, neither ROI provides information regarding where the Puerto Rico vessel was traveling from or where it was seen when initially spotted by FURA agents. Accordingly, the Court finds that the ROIs do not contradict Agent Crespo's testimony at the Suppression Hearing and would not impact the Court's finding that FURA agents had jurisdiction to conduct the initial stop. Sánchez-Chala's *Motion*, which crucially lacks "citations and supporting authorities" as required by Local Rule 112, fails to establish that the ROIs constitute Brady material, that the Court lacks jurisdiction, or that prosecutorial wrongdoing occurred. Accordingly, Defendant's request for dismissal of the present case is **DENIED.**

Criminal No. 22-234-1 (RAM)                                                      6

## III. CONCLUSION

For the aforementioned reasons, Gregorio Sánchez-Chala's *Informative Motion Regarding Late Disclosure of DEA Reports of Investigation Provided as Jencks Material at* Docket No. 196 is hereby **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of January 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE